UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, etc.,** ) ) | **CASE NO. 1:07CV3359** |
| **Plaintiff,** ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. ) ) | **OPINION AND ORDER** |
| **ANTOINETTE DOTTORE,** ) ) | |
| **Defendant.** ) | |

### CHRISTOPHER A. BOYKO, J.:

This matter comes before the Court upon the Motion (ECF DKT #15) for Summary Judgment of Plaintiff, Deutsche Bank National Trust Company, as Trustee of Argent Mortgage Securities, Inc., etc. ("Deutsche Bank"), against Defendant, Antoinette Dottore ("Dottore"). For the reasons that follow, the motion is granted.

### I. FACTUAL BACKGROUND

On July 24, 2004, Dottore signed a Fixed-Rate Note and Mortgage to secure a loan for the purchase of real property located at 4350 W. 49th Street, Cleveland, Ohio 44144, Permanent Parcel No. 013-27-077. Dottore executed these instruments in favor of Argent

Mortgage Company, LLC. On October 30, 2007, Deutsche Bank filed a Complaint, alleging it is the holder and owner of the Note and Mortgage, and further alleging Dottore is in default under the terms and conditions of the Note and Mortgage. On December 14, 2007, Dottore filed her Answer, generally denying the allegations in the Complaint. On January 31, 2008, Deutsche Bank filed its Motion for Summary Judgment against Dottore. In her Brief in Opposition, Dottore contends there is a genuine issue of material fact whether Deutsche Bank is the real party in interest. Dottore contends she did not receive notice of the assignment of the Mortgage Note to Deutsche Bank; and she never signed any agreement, note or mortgage in favor of Deutsche Bank.

## II. LAW AND ANALYSIS

A summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to come forward with evidence showing there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The

burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson*, 477 U.S. at 249-50; and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

Deutsche submits the Affidavit of its loan servicing agent (ECF DKT #15-2), which recites that Deutsche is the owner and holder, by assignment, of the Promissory Note and Mortgage and is entitled to enforce its rights under them; that Antoinette Dottore signed the Promissory Note, promising to make monthly payments on or before the date such payments were due; that the Mortgage was secured by the property known as 4350 W. 49th Street, Cleveland, Ohio 44144, Permanent Parcel No. 013-27-077; that payments were not made; that written notice of default was given; that the sums due under the Note were accelerated; and that there is due and owing on the Note, principal in the amount of One Hundred Twelve Thousand Seven Hundred Two Dollars and Forty-Four Cents, ($112,702.44), plus interest on the unpaid principal at the rate of 7.55% per annum from March 1, 2007.

In her Brief in Opposition, Dottore asserts that a genuine issue of material fact remains for a jury as to whether or not Deutsche Bank is the real party in interest to bring this foreclosure action. Dottore points out the original Note and Mortgage show Argent Mortgage Company, LLC as the lender. Further, Dottore argues an affidavit alone, averring plaintiff is

the holder and owner of the note and mortgage, is insufficient.

However, Deutsche Bank replies the written Assignment from Argent Mortgage to Deutsche Bank, dated and executed prior to the filing of the captioned Foreclosure Complaint, was filed as an exhibit to the Complaint and made a part of the record. (ECF DKT # 1-6). Dottore has not produced any evidence contradicting the existence or validity of the Assigment. Dottore has not come forward with evidence demonstrating a genuine disagreement requiring submission of the real-party-in-interest issue to the jury. Therefore, Deutsche Bank is entitled to summary judgment in its favor as a matter of law.

### III. CONCLUSION

For the foregoing reasons, judgment is granted in favor of Plaintiff Deutsche Bank and against Antoinette Dottore, for the principal amount due on the Note in the amount of One Hundred Twelve Thousand Seven Hundred Two Dollars and Forty-Four Cents ($112, 702.44), plus interest on the outstanding principal balance at the rate of 7.55% per annum from March 1, 2007, and costs. If this judgment is not satisfied within ten (10) days, Plaintiff Deutsche Bank may file its Proposed Decree in Foreclosure and Motion for Order of Sale and Appointment of Master Commissioner in accordance with the terms of Amended General Order No. 2006-16.

**IT IS SO ORDERED.**

DATE: 5/27/08

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
United States District Judge