# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY,** ) ) | **CASE NO. 1:07CV3359** |
| Plaintiff, ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. ) ) | **OPINION AND ORDER** |
| **ANTOINETTE DOTTORE, et al.,** ) ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiff's Motion (ECF DKT #31) to Join New Party Defendant and for Leave to File Supplemental Complaint. For the following reasons, Plaintiff's Motion is denied.

## I. BACKGROUND

In this foreclosure action, summary judgment was granted in favor of Plaintiff Deutsche Bank and against Defendant-Mortgagor Antoinette Dottore on May 27, 2008. The Court noted at the same time that service had not been perfected on Defendant Commonwealth Financial Services, although more than six months had passed since the filing of the Complaint. After notice and Plaintiff's failure to demonstrate good cause, Commonwealth Financial was dismissed without prejudice for want of prosecution on May 26, 2008. On July 9, 2008, Plaintiff filed a Notice of Dismissal without prejudice, which the Court held to be of no effect. Then, Plaintiff moved to vacate the summary judgment, arguing the property cannot be sold free and clear of liens, because Commonwealth Financial holds a prior recorded interest. Plaintiff did not point out Commonwealth Financial's prior lien in the

documentation in support of the Motion for Summary Judgment, nor did Plaintiff request staying judgment because a prior lienholder had no notice.  Plaintiff failed to cite to Fed.R.Civ.P. 60 or to any pertinent sections justifying relief.  Moreover, Plaintiff provided no basis upon which the judgment is flawed, only that execution on the judgment will be hampered.  Therefore, the Motion to Vacate was denied.

Now, in the latest motion, filed on November 5, 2008, Plaintiff moves to join a new party defendant, State Farm Fire and Casualty Company, and for leave to file a supplemental complaint.  Plaintiff contends the Preliminary Judicial Report, filed with its foreclosure complaint, omitted a lien filed by State Farm, filed on October 28, 2005.  Although judgment in foreclosure has already been entered against Antoinette Dottore, Plaintiff asks to join State Farm to protect State Farm's lien interest against the subject property.  Plaintiff seeks permission to file a supplemental complaint to join State Farm.

## II. ANALYSIS

The proposed Supplemental Complaint restates all the original allegations of the first Complaint and makes no mention of the proceedings which already transpired and which form the "law of the case."  Summary judgment has already been granted in Deutsche Bank's favor.  In its proposed pleading, Deutsche Bank names Commonwealth Financial Services as a defendant again, despite this Court's Order dismissing Commonwealth as a party.

Deutsche Bank quotes Fed.R.Civ.P. 19 on necessary joinder, but does not offer any support for joinder after judgment.  Supplemental pleadings are permitted under Fed.R.Civ.P. 15(d); but again, Deutsche Bank provides no authority for bringing in a new party after judgment under that rule.  Generally, a "plaintiff my not enlarge his cause of action after

judgment has been entered." *McHenry v. Ford Motor Co.*, 269 F.2d 18, 24 (6th Cir. 1959).

The Court will not allow Deutsche Bank to re-join Commonwealth as a party through a "back-door" supplement joining State Farm Fire and Casualty Company as a defendant. There was no error on the part of the Court in granting summary judgment in the first instance. As the Court noted previously, the foreclosure judgment is valid; though execution on the judgment may not be readily accomplished. Deutsche Bank may find relief by filing a separate declaratory judgment action, naming Commonwealth, State Farm, Antoinette Dottore, and any other interested parties, for a determination of the validity and priority of liens.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Join New Party Defendant and for Leave to File Supplemental Complaint is denied.


**IT IS SO ORDERED.**

**DATE: _December 16, 2008_____**


       **S/Christopher A. Boyko**
       **CHRISTOPHER A. BOYKO**
       **United States District Judge**