WWR #10007592

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT MORTGAGE SECURITIES, INC. ASSET-BACKED PASS THROUGH CERTIFICATES, SERIES 2004-W11 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2004<br><br>Plaintiff<br><br>vs.<br><br>ANTOINETTE DOTTORE, et al.<br><br>Defendants | CASE NO. 1:07-cv-03359<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br>JUDGMENT ENTRY AND DECREE OF FORECLOSURE |

UNITED STATES DISTRICT JUDGE CHRISTOPHER A. BOYKO

This matter is before the Court on Plaintiff's Motion for Summary Judgment.

The real property that is the subject of this foreclosure actions (the "Property") is as follows:

> Situated in the City of Cleveland, County of Cuyahoga and State of Ohio: And known as being Sublot No. 130 in The Blaser Realty Co.'s Brookside Park Subdivision of part of Original Brooklyn Township Lot No. 43, as shown by the recorded plat in Volume 57 of Maps, Page 23 of Cuyahoga County Records, and being 40 feet front on the Westerly side of West 49th Street and extending back between parallel lines 110 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

This Court finds that it previously granted Plaintiff's Motion for Summary Judgment by separate order dated May 27, 2008, and further finds that Antoinette Dottorre executed the

promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the owner and holder of the Note and Mortgage. The Court further finds that Antoinette Dottorre executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because monthly payments have not been made. The Court further finds that the conditions of the Mortgage have been broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court further finds that there is due on the Note principal in the amount of $112,702.44, plus interest on the principal amount at the rate of 7.55% per annum from March 1, 2007. The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one of more specific such items is prohibited by Ohio law.

As a result, the Court hereby enters judgment for the amount due on the note against Antoinette Dottorre. The court further finds that Defendants, John Doe, Unknown Spouse of Antoinette Dottorre, Commonwealth Financial Services, Inc. and Airko, Inc. are not necessary parties, and therefore, said Defendants have been dismissed as parties to this action.

The Court further finds that the mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the property. The Court further finds that the parties to the mortgage intended that it attach to the entire fee simple interest in the property. Plaintiff's mortgage

is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed, and the Property shall be sold free of the interests of all parties to this action subject to redemption by the Defendant pursuant to Ohio Rev. Code § 2329.33. In addition, an Order of Sale shall issue to the Master Commissioner directing him to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

Upon Distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Cuyahoga County Recorder and Clerk of Courts directing them to enter the same on the margin of records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

IT IS SO ORDERED

DATE: August 19, 2009

s/Christopher A. Boyko
JUDGE CHRISTOPHER A. BOYKO